No. 24,816.

J. C. KUEBLER, *Appellee,* v. THE GREAT WESTERN OIL REFINING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Servant Wrongfully Discharged—Damages.* In an action for the wrongful discharge of an employee before the expiration of the term for which he had been employed it is held that the evidence supported a finding that the employment was made by the defendant and was for at least a year.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed December 8, 1923. Affirmed.

*John J. Jones, Hugo T. Wendell, James A. Allen,* all of Chanute, and *Ossian Cameron,* of Chicago, Ill., for the appellant.

*R. B. Smith,* of Erie, *H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the appellee.

The opinion of the court was delivered by

MASON, J.: J. C. Kuebler sued the Great Western Oil Refining Company for damages for having discharged him at the expiration of three months after having employed him for a year to take charge of the operation of its oil refining plant at Erie. He recovered judgment and the defendant appeals.

Kuebler v. Oil Refining Co.

The defendant introduced no evidence, but stood upon its demurrer to that introduced by the plaintiff. The negotiations under which it was agreed that the plaintiff should be employed were concluded by a letter on stationery of the "Great Western Petroleum Company." The defendant asserts that the evidence showed an employment by that company and not by the Great Western Oil Refining Company. The negotiations just preceding the letter were had in a conversation between the plaintiff and W. R. Jones, who afterwards signed the letter as president, without adding the name of any company. The plaintiff testified that Jones told him he was president of both companies. Acting upon the letter and instructions in a telegram signed by the Great Western Petroleum Company the plaintiff went to Erie and took charge of a plant belonging to the defendant, which paid him for his services during the time he was retained. In this situation it did not take much evidence to show that the contract of employment was made by the defendant, and we think an abundance was afforded by the circumstances stated. Just what the relation between the two companies was is unimportant. The defendant is not in a position to assert that it accepted the services of the plaintiff otherwise than in pursuance of the contract which had been entered into.

The defendant further contends that the letter embodied the entire contract and did not set out an employment for one year, but merely one "at a salary at the rate of six thousand dollars ($6,000) per year." In reply to a question as to what he had told Jones with reference to the time of employment he would require, the plaintiff testified: "We talked this matter. I was to come here for a year and try it for a year." The paragraph of the letter in which the salary was named began with the words "We will accept your proposition and employ you" etc. This evidence supported a finding that the contract was for a period of at least a year.

The judgment is affirmed.